| | |
|---|---|
| **SAXENA WHITE P.A.**<br>Joseph E. White, III<br>jwhite@saxenawhite.com<br>Lester R. Hooker (SBA 241590)<br>lhooker@saxenawhite.com<br>2424 N. Federal Hwy, Suite 257<br>Boca Raton, FL 33431<br>Tel: (561) 394-3399<br>Fax: (561) 394-3382 | **RYAN & MANISKAS, LLP**<br>Richard A. Maniskas<br>rmaniskas@rmclasslaw.com<br>995 Old Eagle School Rd., Ste. 311<br>Wayne, PA 19087<br>Tel: (484) 588-5516<br>Fax: (484) 450-2582 |

*Proposed Co-Lead Counsel for John Hill And Nureddin Nejim*

**BRAUN LAW GROUP, P.C.**
Michael D. Braun (167416)
service@braunlawgroup.com
10680 W. Pico Blvd., Suite 280
Tel: (310) 836-6000
Fax: (310) 836-6010

*Proposed Liaison Counsel*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SARBESWAR MOHAPATRA, Individually, and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>CHINA-BIOTICS, INC., SONG JINAN, LI CHI YUEN a/k/a RAYMOND LI, LEWIS FAN, YAN YIHONG a/k/a EVA YAN, and TRAVIS CAI,<br><br>Defendants. | Case No. 2:10-cv-06954-DSF-JEM<br><br>**CLASS ACTION**<br><br>**MEMORANDUM OF LAW IN OPPOSITION TO COMPETING MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF CHOICE OF COUNSEL**<br><br>Date: 12/20/2010<br>Time: 1:30 PM<br>Courtroom: 840 |

## PRELIMINARY STATEMENT

Class members John Hill ("Hill") and Nureddin Nejim ("Nejim") (collectively, "Movants") respectfully submit this memorandum in opposition to the competing motion of Fred Van Es ("Van Es") and Ronald Wilson ("Wilson") (collectively, the "Van Es Group") for appointment as Lead Plaintiffs, and in support of Movants' motion for (1) appointment as Lead Plaintiffs in the above-captioned actions pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), 15 U.S.C. § 78u-4(a)(3)(B), and (2) approval of their selection of Saxena White P.A. ("Saxena White") and Ryan & Maniskas LLP ("R&M") as Co-Lead Counsel, and Braun Law Group, P.C. ("Braun") as Liaison Counsel.

## INTRODUCTION

On November 16, 2010, two competing motions for appointment as Lead Plaintiff were filed in this Court.[1] Movants have suffered estimated losses of $62,539.51—by far the largest financial loss when compared to the Van Es Group's purported losses of $22,420.00. Moreover, when properly calculated, the Van Es Group's losses are actually approximately $7,680, which are dwarfed by Movants' superior loss figure. In addition, Movants have complied with each of the PSLRA's requirements for appointment as Lead Plaintiff, and Movants are more than adequate to serve as Lead Plaintiffs.

Movants do not suffer from any unique defenses, their interests are firmly aligned with the interests of Class members, and they have affirmed their willingness to fairly and adequately represent the Class in vigorously pursuing this litigation. Accordingly, it is respectfully submitted that the Court should grant Movants' motion for appointment as Lead Plaintiffs and approve of their choices of Saxena White and R&M as Co-Lead Counsel, and Braun as Liaison Counsel.

---

[1] Movants also filed a motion on November 16, 2010 to be appointed Lead Plaintiff and for approval of Co-Lead Counsel in a parallel action currently pending in the United States District Court for the Southern District of New York, captioned *Hill v. China-Biotics, Inc., et al.*, Case No. 1:10-cv-07838-PAC (the "*Hill* Action"). On this same day, the Van Es Group filed in the *Hill* Action a notice of filing its motion for appointment as lead plaintiff.

# ARGUMENT

## I. THE COURT SHOULD APPOINT MOVANTS AS LEAD PLAINTIFFS

### A. The PSLRA's Presumption Of The Most Adequate Plaintiff

In determining the "most adequate plaintiff," the PSLRA provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this title is the person or group of persons that –
>
> (aa) has either filed the complaint or made a motion in response to a notice . . .
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii); *In re Cavanaugh*, 306 F.3d 726, 729-30 (9th Cir. 2002). The PSLRA's most adequate plaintiff presumption may be rebutted only by a showing that a Lead Plaintiff "will not fairly and adequately protect the interests of the class" or that it "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

Here, Movants have satisfied the Lead Plaintiff requirements of the PSLRA. As discussed below, Movants are the presumptive most adequate Lead Plaintiffs because they have timely filed their motion for appointment as Lead Plaintiffs, they have by far the largest financial interest in this litigation, and they otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure. This presumption cannot be rebutted because Movants are not subject to any unique defenses. Movants are a proper group of sophisticated investors who purchased China Biotics, Inc. ("China Biotics") securities at artificially inflated prices during the Class Period, and they will fairly and adequately protect the interests of the class in vigorously prosecuting this litigation.

### B. Movants Have Complied With The PSLRA

Pursuant to the PSLRA, all proposed Lead Plaintiffs must submit sworn certifications setting forth certain facts designed to assure the court that the plaintiff has suffered more than a nominal loss, is not a professional litigant, and is otherwise interested and able to serve as a class representative. *See* 15 U.S.C. § 78u-4(a)(2)(A) ("Each plaintiff seeking to serve as a representative party on behalf of a class shall provide a sworn certification, which shall be personally signed by such plaintiff...."). The time period in which class members may move to be appointed Lead Plaintiff in this case, under 15 U.S.C. § 78u-4(a)(3)(A) and (B), expired on November 16, 2010, sixty days from the issuance of the notice on September 16, 2010.

Movants' motion for appointment as Lead Plaintiffs was timely filed on November 16, 2010. Furthermore, Hill and Nejim submitted sworn certifications that accurately and fully satisfy all of the PSLRA's requirements. Movants have reviewed the complaint and are willing to serve as representative parties on behalf of the putative Class. In addition, Movants have selected and retained competent and highly experienced counsel to represent them and the putative Class. Accordingly, Movants have satisfied the prerequisites of 15 U.S.C. § 78u-4(a)(3)(B).

### C. Movants Have The Largest Financial Interest In The Litigation

The PSLRA is clear in stating that the presumptive most adequate plaintiff must demonstrate that it has the largest financial loss. 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(bb). Indeed, the most significant inquiry for determining the most adequate plaintiff in a securities fraud class action is the size of a movant's financial interest in the litigation:

> The [PSLRA] instructs district courts to select as lead plaintiff the one "most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i). While the words "most capable" seem to suggest that the district court will engage in a wide-

> ranging comparison to determine which plaintiff is best suited to represent the class, the statute defines the term much more narrowly: The "most capable" plaintiff-and hence the lead plaintiff-is the one who has the greatest financial stake in the outcome of the case, so long as he meets the requirements of Rule 23.

*Cavanaugh*, 306, F.3d at 729; *see also Petrie v. Electronic Game Card, Inc.*, 2010 WL 2292288, at *2 (C.D.Cal. 2010) ("When determining who should be appointed lead plaintiff, the court first looks to who has the largest financial interest in the relief sought by the class.) (internal quotations omitted); *In re Lernout & Hauspie Sec. Litig.*, 138 F. Supp. 2d 39, 43 (D. Mass. 2001) (noting that the PSLRA "requir[es] courts to presume that the member of the purported class with the largest financial stake in the relief sought is the most adequate plaintiff").

Here, Movants have individual losses of $30,366.50 and $32,173.01, totaling a combined loss of $62,539.51. Indeed, even if the losses claimed by the Van Es Group were accurate, Hill and Nejim have individual losses that are greater than the combined Van Es Group loss, and much more than either of the competing movants in the Van Es Group (Van Es has claims estimated losses of $14,740 and Wilson claims approximate losses of $7,680). Taken together, Movants' losses dwarf the losses of the Van Es Group, totaling almost three times more than the Van Es Group's claimed total losses of $22,420.00. Accordingly, Movants have the greatest financial interest in this litigation and are therefore the presumptive most adequate Lead Plaintiffs. 15 U.S.C. §78-4(a)(3)(B)(iii); *Cunha v. Hansen Natural Corp.*, 2009 WL 2029797, at * 1 (C.D.Cal. 2009).

### D. The Van Es Group Has Misstated Van Es' Losses

In calculating the largest financial interest among movants for appointment of Lead Plaintiff, courts must use the retained share methodology which looks to what shares were bought during the class period that are retained at the end of the class period. *See e.g., Applestein v. Medivation Inc.*, 2010 WL 3749406, at *2 (N.D.Cal. 2010). When shares are bought and sold within the class period prior to the alleged corrective disclosure revealing Defendants' alleged fraud, then "under

*Dura* [*Pharmaceuticals, Inc. v. Broudo*, 544 U.S. 336, 125 S.Ct. 1627 (2005)] there can be no loss causation for plaintiffs who purchased and sold stock at the inflated share price prior to that disclosure, and thus these plaintiffs may not recover at all." *See id.*, citing *In re Cornerstone Propane Partners, L.P. Sec. Litig.*, 2006 WL 1180267, at *8-9 (N.D.Cal. 2006); *see also Eichenholz v. Verifone Holdings, Inc.*, 2008 WL 3925289, at *4 (N.D.Cal. 2008) (discussing that the methodology that a court should use to calculate damages consists of "determining the shares bought during the class period that were retained as of the [end of the class period]".).

      Here, the Van Es Group claims that it sustained losses during the period from July 10, 2008 through and including August 30, 2010 (the "Class Period"). *See* Dkt. #7 at 2. However, all 4000 of the shares that movant Van Es purportedly purchased during the Class Period were sold on October 26, 2009, prior to the end of the Class Period. *See* Dkt. # 8-3. Accordingly, Van Es did not suffer the losses claimed by the allegedly corrective disclosure that took place on August 30, 2010, and the Van Es Group actually only sustained the estimated losses of Wilson, or approximately $7,680. *Applestein*, 2010 WL 3749406, at *2 (holding that "loss causation can only be demonstrated with respect to shares retained as of the date of the corrective disclosure.").

      In contrast, Movants Hill and Nejim: (i) purchased all of their respective shares of China-Biotics common stock during the Class Period, (ii) held their shares until the end of the Class Period, and (iii) in the case of Hill, still own the securities. *See* Dkt. #9-2 at 13. Movants' losses of $62,539.51 are approximately *nine times* the amount of Wilson's losses. Accordingly, Movants clearly have the largest financial interest in this litigation, and therefore are the presumptive most adequate Lead Plaintiffs. 15 U.S.C. §78u-4(a)(3)(B)(iii).

### E. Movants Otherwise Satisfy Rule 23

In addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must "otherwise satisfy[y] the requirements of Rule 23 and the Federal Rules of Civil Procedure. 15 U.S.C. § 78u-4(a)(3)(B)(iii). In deciding a Lead Plaintiff motion, "the court must consider whether [a movant] satisfies the requirements of Rule 23(a) of the Federal Rules of Civil Procedure, and in particular, the requirements of typicality and adequacy." *Cavanaugh*, 206 F.3d at 730; *Tanne v. Autobytel, Inc.*, 226 F.R.D. 659, 666 (C.D.Cal. 2005). At this stage, the court must rely on the presumptive Lead Plaintiff's sworn certification, as no adversary process exists to test the substance of those claims. *See Petrie v. Electronic Game Card, Inc.*, 2010 WL 2292288, at *3 (C.D.Cal. 2010). Hill and Nejim satisfy both the typicality and adequacy requirements of Rule 23, thereby justifying their appointment as Lead Plaintiffs.

### i. Movants' Claims Are Typical Of The Class

Under Rule 23(a), claims or defenses of representative parties must be typical of the class. The typicality inquiry assesses whether Lead Plaintiffs have incentives that are aligned with those of other class members, so that the interests of those absent class members will be fairly represented. *See Tanne*, 226 F.R.D. at 667-68; *Takeda v. Turbodyne Technologies, Inc.*, 67 F.Supp.2d 1129, 1136 (C.D.Cal. 1999). As only a preliminary showing is necessary to meet the burden of demonstrating typicality, the court should "consider whether the circumstances of the movant with the largest losses are markedly different or the legal theory upon which the claims of that movant are based differ[s] from that upon which the claims of other class members will perforce be based." *Tanne*, 226 F.R.D. at 667, citing *In re Cendant Corp. Litig.*, 264 F.3d 201, 265 (3rd Cir. 2001).

Movants satisfy the typicality requirement because, like all other putative Class members, Hill and Nejim: (1) purchased or otherwise acquired China-Biotics

securities during the Class Period at prices that were artificially inflated due to materially false and misleading statements issued by Defendants, and (2) suffered damages as a result. Thus, Movants' claims are aligned with, and typical of, the claims of other class members and Hill and Nejim will fairly represent the interests of the Class as a whole.

### ii. Movants Are Adequate Representatives

Under Rule 23(a)(4), the representative parties must also "fairly and adequately protect the interests of the class." In evaluating whether a class representative is adequate, "courts assess whether he has interests antagonistic to the class, and whether his counsel have the necessary capabilities and qualifications." *Tanne*, 226 F.R.D. at 667; *In re Emulex Corp. Sec. Litig.*, 2010 F.R.D. 717, 720 (C.D.Cal. 2002).

Hill and Nejim are both adequate representatives of the putative Class. They have sustained combined losses of $62,539.51 incurred as a result of acquiring China-Biotics securities at prices artificially inflated by Defendants' materially false and misleading statements. As such, Movants' interests are clearly aligned with the interests of the members of the putative Class. Furthermore, there is no evidence of any antagonism between Movants' interests and those of the other members of the putative Class.

Movants have also taken significant steps demonstrating that they will vigorously protect the interests of the Class, including the retention of competent and experienced counsel to prosecute these claims. In addition, Movants' proposed Co-Lead Counsel and Liaison Counsel, Saxena White, R&M, and Braun, respectively, are highly qualified, experienced, and able to conduct this complex litigation in a professional and efficient manner. Accordingly, Movants satisfy the requirements of Rule 23.

### F. Hill and Nejim Comprise A Proper Group

The PSLRA expressly provides that courts are to adopt a presumption that the "most adequate plaintiff" is a "person or group of persons." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *see also Yousefi v. Lockheed Martin Corp.*, 70 F.Supp.2d 1061, 1067 (C.D.Cal. 1999); *Miller v. Ventro Corp.*, 2001 WL 34497752, at *7 (N.D.Cal. 2001); *In re Razorfish, Inc. Sec. Litig.*, 143 F.Supp.2d 304, 308 (S.D.N.Y. 2001). A majority of courts applying the PSLRA have permitted plaintiffs to aggregate their claims, because the Act expressly provides that a court may appoint more than one Lead Plaintiff. *Yanek v. Staar Surgical Co.*, 2004 WL 5574358, at *8 (C.D.Cal. 2004); *Yousefi*, 70 F.Supp.2d at 1067.

In appointing multiple class members as Lead Plaintiffs, courts typically appoint less than ten plaintiffs. *See e.g., Yanek*, 2004 WL 5574358, at *8 (appointing seven plaintiffs as Lead Plaintiffs); *Yousefi*, 70 F.Supp.2d at 1061 (appointing one individual plaintiff and one institutional plaintiff as Lead Plaintiffs); *In re Advanced Tissue Sciences Sec. Litig.*, 184 F.R.D. 346, 353 (S.D.Cal. 1998) (permitting aggregation of six plaintiffs); *In re Oxford Health Plans Inc. Sec. Litig.*, 182 F.R.D. 42, 45-48 (S.D.N.Y. 1998) (appointing three plaintiffs as Lead Plaintiffs); *Chill v. Green Tree Financial Corp.*, 181 F.R.D. 398, 409 (D.Minn. 1998) (appointing six plaintiffs as Lead Plaintiffs). Where no institutional investor has sought to be class counsel, a district court has maximum flexibility in selecting a Lead Plaintiff group consisting of a small group of investors, as they will best represent the interests of the class and exercise control of the litigation. *Miller v. Ventro Corp.*, 2001 WL 34497752, at *8 (N.D.Cal. 2001) (appointing two individual investors as lead plaintiffs), citing *In re MicroStrategy Inc. Sec. Litig.*, E.D.Va. 2000) (appointing two individual investors and one institutional investor as lead plaintiffs).

Here, Hill and Nejim constitute a small, cohesive group of just two individual investors. As such, Movants are precisely the type of cohesive group contemplated by the PSLRA, as two plaintiffs are likely to assume more responsibility over the suit in comparison to substantially larger groups of plaintiffs. *See Yousefi*, 70 F.Supp.2d at 1068-69. Movants have the background and qualifications to vigorously represent absent class members, and have sustained losses of over $62,000, by far the largest of any other Lead Plaintiff applicant. Additionally, Movants have submitted certifications affirming their willingness and ability to work together to vigorously prosecute the litigation on behalf of the proposed class. Dkt. #9-2 at 7-10. Accordingly, Movants have demonstrated that they are the presumptive most adequate "group of persons" pursuant to the PSLRA. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

## II. THE COURT SHOULD APPROVE OF MOVANTS' CHOICE OF CO-LEAD COUNSEL AND LIAISON COUNSEL

Pursuant to 15 U.S.C. §78u-4(a)(3)(B)(v), the Lead Plaintiff shall, subject to the Court's approval, select and retain counsel to represent the class it seeks to represent. Hill and Nejim have selected Saxena White and R&M to serve as Co-Lead Counsel, and Braun as Liaison Counsel. *See Yanek*, 2004 WL 5574358, at *7 (appointing two firms as co-lead counsel as the firms' resumes showed that both firms were "qualified and competent"). Saxena White is a preeminent national securities litigation firm that possesses extensive experience in litigating securities class actions and has successfully prosecuted numerous securities fraud actions on behalf of injured investors. R&M also has substantial experience litigating complex securities fraud class actions. As demonstrated in their firm resumes, Saxena White and R&M have been appointed co-lead or lead counsel in landmark, precedent-seeing class actions. *See* Mem. Law. in Supp. John Hill & Nureddin Nejim for Appointment of Lead Pl. and Approval of Co-Lead Counsel and Liaison Counsel, Ex D. Further, Braun has experience in litigation class actions and can

facilitate this action at the local level. *See id.* Accordingly, Movants' selections of Co-Lead Counsel and Liaison Counsel should be approved.

## CONCLUSION

For the reasons listed above, Hill and Nejim have satisfied the PSLRA's prerequisites for appointment as Lead Plaintiffs and respectfully request that: (i) the Court appoint Movants as Lead Plaintiffs in this action, and (ii) approve of their selection of Saxena White and R&M as Co-Lead Counsel, and Braun as Liaison Counsel.

Dated: November 29, 2010      */s/Michael D. Braun*

**BRAUN LAW GROUP, P.C.**
Michael D. Braun (167416)
service@braunlawgroup.com
10680 W. Pico Blvd., Suite 280
Tel: (310) 836-6000
Fax: (310) 836-6010

*Proposed Liaison Counsel*

**SAXENA WHITE P.A.**
Lester Hooker (SBN 241590)
lhooker@saxenawhite.com
2424 N. Federal Highway, Suite 257
Boca Raton, FL 33431
Tel: 561 394-3399
Fax: 561 394-3082

**RYAN & MANISKAS, LLP**
Richard A. Maniskas
rmaniskas@rmclasslaw.com
995 Old Eagle School Rd., Ste. 311
Wayne, PA 19087
Tel: (484) 588-5516
Fax: (484) 450-2582

*Proposed Co-Lead Counsel for John Hill and Nureddin Nejim*

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 29th day of November, 2010, I presented the foregoing to the Clerk of the Court for filing and uploading to the CM/ECF system.

*/s//Michael D. Braun*
Michael D. Braun